## SAINT AMAND *v.* NUNNALLY, receiver.

ATKINSON, J. A legatee under a will filled an equitable petition against the executors of the estate, to which they made answer. Another legatee intervened, and was made a party. She attacked the managing executor for mismanagement of the estate, and sought to recover a judgment against him. A receiver was appointed. In addition to setting up a right to regular and extra compensation in an answer to certain pleadings filed by some of the legatees, the executor referred to filed an "intervention," or. petition, in which he claimed both the regular compensation of an executor and extra compensation on account of special facts which he set out. An auditor was appointed, to whom was referred all issues in the case. .The "intervention," or petition, last referred to was allowed, and the excutor was "allowed to intervene in said case for the purpose of setting up his claim against the estate." This petition was required to be served on the receiver, and was referred to the auditor for hearing and report. The intervening legatee first mentioned filed before the auditor an amendment to her intervention, attacking the conduct of the executor, and denying that he was entitled to any compensation whatever. The auditor made a report, which was re-referred and a second report made in which he allowed commissions and also special compensation to the executor. To all the material findings in the original and supplemental reports in favor of the executor for commissions and special compensation, exceptions of law and fact were filed by two of the legatees. They were heard by the court and approved (except certain exceptions which were overruled), no motion being made to dismiss or strike such exceptions. Afterwards, without excepting to the order referred to, the executor filed another petition, reciting the history of the case; asserting that no exceptions were filed to the finding of the auditor by the receiver, or by any one in his name for the estate of the decedent, and that therefore the finding of the auditor became a binding judgment, and a decree should be rendered accordingly; and praying that the court should decree that the receiver pay to petitioner the amount found to be due him by the auditor, with interest. On the hearing the court overruled

the motion "to enter up final decree as prayed for," holding that the exceptions which had been filed by the legatees were properly filed and were still undisposed of. *Held*, that under the facts recited the executor could not disregard the existence and pendency of the exceptions and the approval of them by the court after a hearing, and that the case stood undisposed of for final determination upon them; nor was he entitled in such a motion as made by him, in spite of such facts, to have a decree entered in his favor against the receiver, directing payment of the amount of compensation which had been found by the auditor.                    *Judgment affirmed. All the Justices concur.*

Argued May 20,—Decided October 14, 1908.

Motion to enter decree. Before Judge Pendleton. Fulton superior court. January 18, 1908.

*Hamilton Douglas* and *Westmoreland Brothers,* for plaintiff in error. *John L. Hopkins & Sons* and *Rosser & Brandon,* contra.